## T. S. C. MOTOR FREIGHT LINES v. LEONARD TRUCK LINES, Inc.

### Civ. No. 1164.

District Court, W. D. Louisiana, Shreveport Division.

April 12, 1945.

Stafford & Pitts, of Alexandria, La., and Rawlings, Sayers & Scurlock and Glover C. Johnson, all of Ft. Worth, Tex., for plaintiff.

Robert L. Garrett, of Shreveport, La., for defendant.

DAWKINS, District Judge.

Plaintiff sued originally for specific performance only of a contract to have certain franchises and rights for operating a truck line conveyed to it. Relief was denied, D.C., 57 F.Supp. 628; the judgment was signed on November 27th, and filed on November 29th, 1944. In this decree there was reserved "to plaintiff the right to sue defendant for the recovery of the amount placed in escrow and the sum of $1000 as damages". On December 29th, 1944, plaintiff filed what is styled an "amended petition" reciting the ruling thus made and praying for the return of the check for $1,000 placed in escrow and the further sum of $1,000, liquidated damages, stipulated in the contract sued upon.

Defendant has moved to dismiss or strike the proposed amendment on three grounds: (1) that since the judgment was signed on the 27th and entered on the 29th of November, the motion to amend came too late; (2) that the demand amounts to a new and distinct cause of action below the minimum jurisdiction of this court; and (3) that it fails to state "a claim under which relief can be granted". This is the matter now to be decided.

■ Taking the grounds of the motion up in reverse order, even before the adoption of the new rules of Federal Procedure, 28 U.S.C.A. following section 723c, it was not an uncommon practice to sue for specific performance of a contract, and in the alternative, for damages; and had that been done in the present instance, there could have been no good reason why, after finding that plaintiff was not entitled to specific performance, the court could not have determined the right to damages. However, this was not done, and in the final decree the court, as stated, has reserved plaintiff's right to sue for damages for the alleged breach of contract. See Encyc.Fed.Proc. (2) Secs. 1118 et seq., pp. 384 et seq.; Ib. Sec. 6943, p. 5024; Rule 8, Civ.Proc.; C.J. Vol. 58 p. 1177, Verbo, "Specific Performance", Sec. 519; Id. Vol. 49, p. 520, Verbo "Pleading", Sec. 686 et seq. If the suit for specific performance was filed in good faith and the value in controversy was sufficient to support jurisdiction, then the fact that the alternative demand of damages was for less than $3,-000 would have made no difference. Encyc. Fed.Pro. Vol. 1, p. 761, Sec. 296.

■ It also seems clear that if timely sought, the court could and would have been justified in permitting the amendment, since it would in nowise change the cause of action. The suit was based upon a contract alleged to have been breached, and if established, the plaintiff would have been entitled to either specific performance or damages, if proven, and defendant could not show a sufficient defense. So, the only remaining question is as to whether the attempt to amend came too late.

No. 15 of the Federal Rules of Civil Procedure deals with amendments. Paragraph (a) of this rule covers amendments before trial, and permits them to be made "as a matter of course at any time before a responsive pleading is served", and thereafter at the discretion of the court with the admonition that "leave shall be freely given when justice so required". Paragraph (b) deals with amendments during or at the completion of the trial to "cause them (pleadings) to conform to the evidence * * * even after judgment." Paragraph (c) provides that "whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Finally paragraph (d) permits "supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

■■ The amendment proposed in this case does not, in my judgment, come within the purview of either paragraph (a) or (b) since it is not to correct, change or enlarge the issues presented by the pleadings before trial, or to have them conform to the proof; nor can it be said to involve "transactions or occurrences or events which have happened since the date of the pleadings sought to be supplemented"; for I am convinced that the latter applies to matters other than the decision or judgment of the court on questions previously submitted and involves such as the destruction, sale or other disposition by the parties of the object of the suit, which would make it impossible to grant the relief originally sought, or such as would enlarge or increase it. So, we come to paragraph (c).

■ The clear meaning of that subdivision, it would seem, is that when amendments are allowed under (a) (b) and (d) the effect shall be that "whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading" in order to take care of matters such as prescription or limitations, etc.

We next turn to provisions of the rules dealing with judgments, motions for new trial, reopening of cases, etc. Rule 58 provides for the "entry" forthwith by the clerk, when ordered by the court, of judgments "in the civil docket as provided by Rule 79(a)", from which date it becomes effective for the purposes of a motion for a new trial, appeal, etc. Paragraph (b) of Rule 59 declares that "a motion for a new

trial shall be served not later than 10 days after the entry of the judgment", except when based on newly discovered evidence, when it may be made "before the expiration of the time for appeal, with leave of the court obtained on notice and hearing and on a showing of due diligence." Paragraph (d) authorizes the court of its own motion "not later than 10 days after entry of judgment" to order a new trial for any of the reasons that it might have acted on the motion of the parties.

In the present case the judgment was signed on November 27th and filed on the 29th whereas the proposed amendment was filed on December 29th, thirty days after "entry" of the judgment. The time had passed therefore within which the parties could ask, or the court of its own motion could grant, a new trial, except for newly discovered evidence. The only remaining relief was by appeal, except as to clerical errors, etc. If the court was powerless to reopen issues upon which it had rendered final judgment, how could it entertain an amendment which, if allowed, would have the effect of setting at naught that judgment? The rules of Federal Procedure do not fix the time for perfecting appeals (this is still governed by Sec. 230 of 28 U.S.C.A.), except that rule 73 requires the filing of the transcript with the appellate court within forty days after the notice of appeal provided therein. That section, 230 of 28 U.S.C.A., declares that no appeal "shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree." To hold that plaintiff could amend its complaint on the ground attempted in this case within a period of thirty days would be to concede that it could also be done for the full three months, unless, in the meantime, an appeal had been perfected, notwithstanding the provisions of Rule 59 limiting the time for entertaining motions for a new trial to ten days when not based upon newly discovered evidence.

While the rules of civil procedure were intended to simplify the practice in the Federal courts by dispensing with unnecessary formalities and technicalities and to serve the ends of justice, rather than to thwart them, they nevertheless were bound to, and I think did, establish certain standards or limitations by which they could be expedited and, to that end, laid down the steps and periods within which they should be taken, such as amendments, entry of judgments, filing of motions for new trials, taking and perfecting appeals, and which, if not timely followed, would preclude relief by those means, subject only to the exceptions specifically named.

My conclusion is that the attempted amendment in this case came too late and the plaintiff is relegated to an independent suit to recover the damages alleged for breach of the contract. The amendment will be denied.

Proper decree should be entered.