### GERRARD v. CAMPBELL.
#### No. 47 C 635.

United States District Court
N. D. Illinois, E. D.
Jan. 24, 1949.

Daily, Dines, White & Fiedler, of Chicago, Ill., for plaintiff.

Otto Kerner, Jr., U. S. Atty. for Northern District of Illinois of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

Plaintiff brought this action to recover allegedly excessive income taxes collected by defendant (hereinafter referred to as the collector) for the year 1943, plus interest. The original assessment was paid by plaintiff on August 19th, 1946, and a claim for refund was duly filed with the Commissioner of Internal Revenue on August 30, 1946. The present action was commenced April 23, 1947. An additional assessment for the year 1943 was paid by plaintiff on January 15, 1947, and a claim for refund of that amount was filed on March 21, 1947. On December 10, 1947 plaintiff filed an amendment and supplement to the complaint in this action to cover the additional assessment. Issue was joined and a trial of the cause was had upon its merits.

Plaintiff asserts, as the basis for his claim, that his father formed a corporation in 1935, and issued 275 of 300 shares to plaintiff, three-fourths of which were to be held in trust by him for the benefit of his mother and two sisters. In 1941 the corporation was dissolved, and a partnership was formed in its stead, with plaintiff, his mother and two sisters each having a one-quarter share therein.

At the end of plaintiff's case, the collector moved for a directed verdict, determination of which was reserved by the Court. The motion was renewed at the end of the whole case, and determination was again reserved. The following interrogatories, both of which were answered in the affirmative in favor of plaintiff, were submitted to the jury:

Interrogatory Number 1

"Has the plaintiff John M. Gerrard established by a preponderance of the evidence that his father, A. J. Gerrard created a trust for the benefit of his wife Roberta F. Gerrard and his daughters Marion I. Gerrard and Elizabeth J. Gerrard whereby they each acquired a one-fourth (¼) interest in the corporation known as A. J. Gerrard & Company?"

Interrogatory Number **2**

"Has the plaintiff John M. Gerrard established by a preponderance of the evidence that he, his mother Roberta F. Gerrard and his sisters Marion I. Gerrard and Elizabeth J. Gerrard, in good faith created a partnership known as A. J. Gerrard & Company?"

The collector then moved to set aside the verdict and for a new trial, and determination was again reserved pending the filing of written briefs.

The collector's answer to the amendment to the complaint set up a legal defense, determination of which was also reserved pending the filing of post-trial briefs. The collector, in his answer, asserted that the Court has no jurisdiction to render judgment for plaintiff as to the additional assessment. The theory of this contention is that said amendment relates back to the original filing and is, therefore, violative of Section 3772(a) (2) of the Internal Revenue Code, 26 U.S.C.A. § 3772(a) (2), which prohibits the bringing of a suit for refund until six months after the claim for a refund has been filed with the Commissioner.

■■ The collector's motions, for a directed verdict, to set aside the verdict of the jury and for a new trial are hereby denied. The evidence adduced at the trial presented a disputed issue of fact which could be determined only by the jury. Since the jury's verdict as to this issue is not clearly erroneous, it should not, therefore, be disturbed. It is not the province of this Court to superimpose its judgment upon that of the jury unless the latter is quite obviously in error.

■ The ground asserted by plaintiff in support of his amendment clearly arose out of the original transaction, and falls within the scope of permissive amendments under Federal Rules of Civil Procedure, Rule 15, 28 U.S.C.A.

"Income-tax liability for any one year is a single cause of action. Each taxable year constitutes a separate cause of action, and in every suit for refund one of the questions presented is the determination of the amount by which the taxpayer has overpaid his taxes for the year involved. This doctrine is based on a sound public policy, and its main purpose is to avoid useless litigation brought about by the splitting of actions." United States v. C. C. Clark Inc., 5 Cir., 159 F.2d 489, 490.

■ Viewed in its proper perspective, the purpose of Rule 15(c) is to cover situations where prescription or the statute of limitations might be involved, and is not designed to work an injustice to the party seeking to amend, as would be the case here.

"The clear meaning of that subdivision, it would seem, is that when amendments are allowed under (a), (b) and (d) the effect shall be that 'whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading' in order to take care of matters such as prescription or limitations, etc." T. S. C. Motor Freight Lines, v. Leonard Truck Lines, D.C., 4 F.R.D. 366, 367.

■ Despite the fact that it has been elevated to the status of a statute, the relation-back theory is a legal fiction and should not be viewed in a vacuum without due consideration to the realities of any particular set of facts. Where it would be inequitable to apply the doctrine strictly, as in the case at bar, it should be disregarded. Obviously, the purpose of Section 3772(a) (2) of the Internal Revenue Code, prohibiting the bringing of suit within six months from the time a claim is filed, is to provide ample opportunity for an administrative determination of the claim. Here, the Commissioner had from March of 1947 until December of the same year to consider the claim. No action was taken on it during that period, and the collector should not now be permitted to assert the fictional doctrine of relation back of amendments in order to defeat a reality.

"The obvious purpose of the statutory requirement of filing claims for refund with the Commissioner as a condition precedent to suit is to 'afford an opportunity for administrative adjustment without suit.'"

Caldwell Sugars, Inc., v. United States, Ct. Cl., 54 F.Supp. 544, 552.

Judgment will, therefore, enter for plaintiff in the total amount for which he sues. Plaintiff will prepare and submit to the Court within fifteen days a judgment, approved as to form, in accordance with this memorandum.