AMERICAN FIDELITY AND CASUAL-
TY COMPANY, Appellant,

v.

OWENSBORO MILLING COMPANY,
Appellee.

No. 12270.

United States Court of Appeals
Sixth Circuit.

May 9, 1955.

John L. Davis, Lexington, Ky. (Stoll, Keenon & Park, Lexington, Ky., on the brief), for appellant.

Ridley M. Sandidge, Owensboro, Ky. (Byron, Sandidge & Holbrook, Owensboro, Ky., on the brief), for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

This appeal involves the correctness of the judgment of the District Court, 15 F.R.D. 352, dismissing for lack of jurisdiction so much of appellant's complaint as sought recovery from appellee for contribution as a joint tort-feasor.

The complaint as amended stated that a bus, being operated by the Fuqua Bus Line, to which appellant had issued a liability insurance policy, ran over an automobile tire and casing on the highway, which was negligently allowed to fall there in path of the bus by an employee of the appellee, Owensboro Milling Company, which caused the bus to leave the highway with resulting injuries to a passenger; that following suit against the bus company, which appellee refused to defend, appellant paid the injured passenger $5,000.00 in settlement of the claim and also incurred necessary expenses of $500.00; that the accident and damages were caused either by the sole negligence of the employee of the appellee, or by the primary negligence of said employee and the secondary negligence of the driver of the bus, or by the joint and concurrent negligence of the said

employee and the driver of the bus; and that appellee had refused to pay appellant any part of said $5,500.00 reasonably expended by appellant in performing its insurance obligation. It prayed for judgment against appellee "in the sum of $5,500.00 or for the sum of $2,750.00; for its costs and all proper relief."

Appellee, in the first paragraph of its answer, pleaded lack of jurisdiction in the Court over the subject matter for the reason that less than the required jurisdictional amount was in controversy.

Appellant moved to strike this defense, on the ground that the complaint on its face showed that the amount in controversy exceeded $3,000.00, contending that the complaint sought recovery of $5,500.00 on the ground of indemnity, or in the alternative $2,750.00 by way of contribution. Section 412.030 Kentucky Revised Statutes provides: "Contribution among wrongdoers may be enforced where the wrong is a mere act of negligence and involves no moral turpitude."

The District Judge sustained the motion with respect to the claim for indemnity and overruled the motion with respect to the claim for contribution, and proceeding under Rule 54(b), Rules of Civil Procedure, 28 U.S.C.A., entered a final judgment dismissing "the cause of action for contribution" for lack of jurisdiction, and retaining on the docket so much of the action as sought indemnity in the amount of $5,500.00 for later disposition after the determination of this appeal from the judgment of dismissal. American Fidelity & Casualty Co. v. Owensboro Milling Co., D.C., 15 F.R.D. 352.

The District Judge in making his ruling relied upon Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. Both appellant and appellee also rely upon the same case. Of the two rulings made by the case, one supports appellant's contention and the other supports appellee's. It is only necessary to determine which of the two rulings is applicable to the present factual situation. After referring to apparently conflicting rulings in Siler v. Louisville & N. R. Co., 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753; Lincoln Gas & Electric Light Co. v. City of Lincoln, 250 U.S. 256, 39 S.Ct. 454, 63 L.Ed. 968, and Moore v. New York Cotton Exchange, 270 U.S. 593, 607–610, 46 S.Ct. 367, 70 L.Ed. 750, on the one hand and Elgin Nat. Watch Co. v. Illinois Watch Case Co., 179 U.S. 665, 677, 21 S.Ct. 270, 45 L.Ed. 365 and A. Leschen & Sons Rope Co. v. Broderick & Bascom Rope Co., 201 U.S. 166, 26 S.Ct. 425, 50 L.Ed. 710 on the other, the Court said: "But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal *ground*; in the latter it may not do so upon the nonfederal cause of *action*."

With respect to whether a complaint alleges a single cause of action based on separate grounds or separate causes of action, the Court quoted with approval the following from the opinion in Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. " 'A cause of action does not consist of facts,' " "this court there said (page 321 of 274 U.S., 47 S.Ct. 600, 602)," " 'but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. * * * "The facts are merely the means, and not the end. They do not

constitute the cause of action, but they show its existence by making the wrong appear." ' " [289 U.S. 238, 53 S.Ct. 589.]

In Hurn v. Oursler, supra, it was held there was but one cause of action in so far as the plaintiff was attempting to protect his copyrighted article, although two separate grounds were relied upon. But in attempting by the complaint to also protect its non-copyrighted article it was adding a separate cause of action to the other cause of action dealing with the coyprighted article.

In the present case, we are of the opinion that there is but one cause of action. Appellant is attempting to recover the $5,500.00, or as much of it as he will be able to convince the Court he is entitled to, which it has been required to spend. It is seeking to recover its loss resulting from the accident through its contractual relation with its insured. Whether it is able upon the conclusion of the case to recover all of its loss or only part of it does not change the claim. The claim arises out of a definite set of facts, which are the same, regardless of whether final recovery as determined by the Court is in full or only partial. Jurisdiction is not determined by the amount of recovery. Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–289, 58 S.Ct. 586, 82 L.Ed. 845; Minsky's Follies of Florida v. Sennes, 5 Cir., 206 F.2d 1, 4.

We are accordingly of the opinion that jurisdiction existed in the District Court to hear and determine the entire controversy, regardless of the fact that a recovery based on one of the two grounds relied on would be limited to $2,750.00. Hurn v. Oursler, supra, Shappirio v. Goldberg, 192 U.S. 232, 24 S.Ct. 259, 48 L.Ed. 419. See also; Schunk v. Moline, Milburn and Stoddart Company, 147 U.S. 500, 505, 13 S.Ct. 416, 37 L.Ed. 255; Bell v. Preferred Life Assurance Society, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15; Minsky's Follies of Florida v. Sennes, supra.

We have also considered appellee's further contention that appellant's claim of indemnity, on which jurisdiction rests, is so lacking in substance under the law of Kentucky that it should be disregarded as plainly colorable. From a consideration of the pleading, without a development of the facts by evidence, we can not hold that the appellant was free from negligence in running over the tire and that therefore its payment in settlement of the claim was the act of a volunteer. Suit based on its alleged negligence was filed. Nor can we now determine whether appellant and appellee were in pari delicto or should be placed in separate classifications dealing with primary and secondary liability, which ruling would determine whether appellant was limited to a right of contribution or had a valid claim for indemnity. Louisville Ry. Co. v. Louisville Taxicab & Transfer Co., 256 Ky. 827, 77 S.W.2d 36; Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165. Those are issues which will be heard and ruled upon by the District Court following the remand.

The judgment of the District Court is reversed and the case is remanded to the District Court for further proceedings consistent with the views expressed herein.