UNITED STEELWORKERS OF AMERICA, CIO, on behalf of itself and members of Local Union 1096; and Charles Ackins, H. R. Anderson, C. E. Balgaard, Wm. A. Bennett, Oscar Bergren, T. Bourdeau, William M. Bowe, Andrew J. Carlson, Arvid Carlson, Archie F. Carson, Lulus Caya, Anton Cobin, Benjamin Decker, Oswald Del Zotto, Peter A. Doll, Oscar C. Eklund, P. H. Esbjornson, Knute Falk, Barnard Feeny, Louis A. Fors, C. K. Foucault, Matt Grubisich, Carl H. Gunderson, F. C. Gustafson, Thomas Hanson, Hughey T. Hughes, Jos. Knezvich, W. LaBrosse, Napoleon LaCasse, Oscar A. Larsen, Nelson L. LaTour, John Lenning, Berger Lundeen, James M. Mackay, John M. Michels, Albin Moline, Andrew W. Nelson, Gabriel Nyholm, Albert Olson, Anton Otterblad, Hjalmer Pearson, Iseador Pulaski, Karl N. Rennskaug, C. Rosenthaler, Andrew Skelstad, Charles A. Smith, Joseph Sobczak, John Somero, Roy Stevenson, Hyman Stewart, Andrew Swenson, Fred J. Vadnais, Walter E. Verbeck, and Antoni Wrubel, Plaintiffs,

v.

INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION, Defendant.

Civ. No. 1507.

United States District Court
D. Minnesota, Fifth Division.

Aug. 31, 1955.

Francis X. Helgesen, of Helgesen & Kane, Philip Neville, of Neville & Johnson, Minneapolis, Minn., for plaintiffs.

James G. Nye, of Nye, Montague, Sullivan, Atmore & McMillan, Duluth, Minn., for defendant.

DONOVAN, District Judge.

The instant case comes before the court by reason of plaintiffs' motion to remand.

The action is one for relief under the Declaratory Judgment Act of Minnesota.[1] It was commenced on February 25, 1955, in the Minnesota District Court for the Eleventh Judicial District, and was removed to this court by appropriate petition. Since then there have been two amendments to the complaint; a denial of defendant's motion to dismiss and a pre-trial conference. The case was tentatively set for trial at Duluth, Minnesota, on September 2, 1955. On August 8, 1955, plaintiffs served notice to remand. The motion was orally argued on August 13, 1955.

The issue raised by the motion will be clarified by a short statement of the facts. Defendant operated a manufacturing plant in the City of Duluth through a subsidiary known as The Coolerator Company. The management of the plant was subject to defendant's direction and orders. Defendant decided to reduce its force, and in that connection sought to retire the older of its employees. It was subject, however, to certain collective bargaining agreements, one of which covered the two-year period from May 22, 1953, to May 22, 1955.[2]

---

1. 36 Minnesota Statutes Annotated, Chapter 555.

2. Plaintiffs concede the instant case is not brought under Section 301 of the

In addition to this, defendant had adopted an employees' welfare and retirement plan. In this connection defendant contacted some 54 employees and secured their retirement. This was accomplished through defendant's personnel department. A member of plaintiff Union was used to obtain the signatures of said 54 employees to a letter which reads as follows:

> "The Coolerator Company
> "Post Office Box 135 .. Duluth 1,
> Minnesota
> "March 31, 1954
>
> "The Coolerator Company
> "128 West 1st Street
> "Duluth, Minnesota
> "Gentlemen:
>
> "I have decided that I wish to retire from the employment of the Coolerator Company. It is my understanding that in so doing, upon the Company's approval of my retirement, I will be eligible for the present retirement benefits. It is my understanding that these benefits are: payment by the Company of Blue Cross–Blue Shield coverage on myself and family for the rest of my life and a group life insurance policy in the amount of $2,000 until I reach age 65, and $500 thereafter.
> "Yours very truly"

Following the execution of said letters and in reliance thereon, the employees retired from defendant's employ. On January 1, 1955, defendant's successor in title to the Coolerator plant ceased operations and defendant refused to honor the understanding inferred from said letters. Plaintiff Union thereupon stepped in and paid the Blue Cross and Blue Shield premiums. The insurance policies lapsed. This action followed.

■ The allegations in the removal petition are to be taken as true, in absence of motion to remand or plea to the jurisdiction.[3] The motion now considered controverts the allegations of the petition for removal.

The original complaint filed in the State Court named three plaintiffs and two corporate defendants. The case was voluntarily dismissed as to one defendant. As presently constituted, there is diversity of citizenship between the plaintiffs and the remaining defendant.

The issue of jurisdiction is based on the contention of the plaintiffs that the matter in controversy is less than $3,000, exclusive of interest and costs, as required by the applicable Act of Congress,[4] and as of the time defendant's petition for removal was filed.

Plaintiffs contend the instant case is not a class action. That there are 54 separate causes of action pending and consolidated for convenience. That not one among the 54 plaintiffs have a cause of action seeking any amount in excess of $3,000. That despite the admitted diversity of citizenship, the case should be remanded because, lacking the jurisdictional amount, the United States District Court is without jurisdiction. Defendant's response to this is that, even by the amended complaint, plaintiff Union seeks recovery of $5,600, and seven of the remaining plaintiffs seek relief in excess of $3,000.[5]

■ If jurisdiction of this court has attached as of the time the action is filed or removed, it is not destroyed by subsequent reduction of the amount of the claim.[6]

■ It will be seen from the foregoing that if there is any doubt about this court having jurisdiction, good judg-

---

Labor Management Relations Act, 29 U.S. C.A. § 185.

3. Highway Const. Co. v. McClelland, 8 Cir., 14 F.2d 406.

4. 28 U.S.C.A. § 1331.

5. Panzich v. Duhart, D.C.Cal., 118 F. Supp. 415; Lissauer v. Bertles, D.C.N.Y.,

37 F.Supp. 881; Twin Hills Gasoline Co. v. Bradford Oil Corporation, D.C. Okl., 264 F. 440; Manufacturers Casualty Insurance Co. v. Coker, 4 Cir., 219 F.2d 631; cited by defendant.

6. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.

ment prompts that the instant case should be remanded. The defendant, having removed the case to this court, has the burden of establishing its jurisdiction to try the cause.[7]

Belated as plaintiffs may be in making their motion to remand, the court must give every consideration to the motion, even though judgment had been entered.[8] The instant case is of a type that may result in a protracted trial. Over fifty parties are involved and a like or greater number of witnesses may be called to testify. In the event it may later be determined by appeal that this court is without jurisdiction, the needless expense and inconvenience met with in the trial court would be great and to no avail.

It is of prime importance, therefore, to determine without further delay the cogent question as to whether, at the time of removal, the instant case really and substantially involved a controversy within the jurisdiction of this court.[9] As of the date of removal, plaintiff Union's claim against defendant did not amount to $3,000. Nor did the claims of any of the other plaintiffs then before the court equal the minimum required to confer jurisdiction on this court. It was only due to counsels' misapprehension in assuming that removal from the State Court automatically placed the case on the calendar of this court for trial without further compliance with the Rules, and the ensuing delay that the claims of one or more of plaintiffs attained the required jurisdictional amount. All parties are agreed that this is not a true class action. Nor can the claims of all the plaintiffs be aggregated for the purpose of conferring jurisdiction.[10] Here the plaintiffs are opposed to uniting to enforce a single right. This is not the case of an integrated right. The procedure here adopted by plaintiffs was not intended to confer jurisdiction on a Federal Court by taking it away from a State Court.[11]

It should be said that defendant is in no way at fault for the delay in bringing the instant case on for trial. By complying with the Rules, plaintiffs could have tried the case at the 1955 May General Term of this Court. The misunderstanding of counsel in that respect, however, does not permit the accumulation of added damage due to the passing of time to confer the necessary jurisdiction on the United States District Court.

The court is of the opinion that it is its clear duty to remand the case.[12]

It is so ordered.

7. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135; Land v. Dollar, 330 U.S. 731, 735, 67 S.Ct. 1009, 91 L.Ed. 1209.

8. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702; 15 Minnesota Law Review, 721.

9. Turmine v. West Jersey & Seashore R.

Co., D.C.Pa., 44 F.2d 614; Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334.

10. This case is readily distinguishable from that of Manufacturers Cas. Ins. Co. v. Coker, supra.

11. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 324.

12. Highway Const. Co. v. McClelland, supra.