**Priscilla STEWART, Appellant,**

**v.**

**M. H. "Mike" SHANAHAN, Appellee.**

**No. 16324.**

United States Court of Appeals
Eighth Circuit.

April 13, 1960.

George A. Spencer, Columbia, Mo., for appellant.

R. James Unruh, Tulsa, Okl., for appellee.

Before GARDNER, VOGEL and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Circuit Judge.

Appellant as plaintiff below brought this action to recover damages for alleged fraud and deceit and for breach of warranty on behalf of appellee in the sale of a so-called show horse. The transaction was pleaded in two counts. Hereinafter, we shall refer to the parties as plaintiff and defendant, respectively.

In count one of her complaint plaintiff in substance, so far as here pertinent, alleged that plaintiff purchased from defendant a show mare on or about December 5, 1957, represented to be sound and fit to be used by plaintiff as a show mare, for which plaintiff paid $3,750.00; that said mare was never fit for plaintiff to use as a show mare; that the mare suffered from neurectomy (severed nerves) in both front legs, which defendant knew at the time of the sale and which was never disclosed to plaintiff; that said mare was suffering from foundering or

laminitis and a condition of chronic arthritis, and that because of said conditions, said mare was unfit for and never able to be used as a show mare—the purpose for which said mare was purchased—and therefore was a total loss to plaintiff, as the mare's value is only nominal; that defendant knew that the nerves in the front legs of said mare were severed, which was not discernible on ordinary inspection, and which the defendant failed to disclose to plaintiff prior to the time of the sale; that plaintiff offered to return the mare and asked for a refund of the money paid, which was refused by the defendant.

Plaintiff's first count of her complaint was based on fraud and misrepresentation and she asked damages of $3,750.00, the amount paid for the mare, $1,963.38 for sums of money expended for board, care, keep, veterinary services, medicine, shoeing and other miscellaneous items of expense, $7,500.00 for inconvenience, humiliation, grievous mental anguish and distress of body and mind, and $10,-000.00 punitive damages.

As ground for her right to recover punitive damages she alleged that:

"* * * defendant acted wilfully, wantonly and maliciously and with a reckless disregard to and an entire want of care for the rights of plaintiff, and with a conscious indifference to the consequences to the plaintiff which might and did result from defendant's acts and representations, * * * *"

and as ground for her right to recover for mental anguish and distress of body and mind:

"* * * that she had taken riding lessons and had shown horses in a few instances and had developed a great desire to own a show mare of her own and had developed an intense desire to own and show this mare and had become attached to her, and that as a direct result and natural consequence of this mare's inability to show and perform the service for which she was purchased

and the large expenditure of money made and the great inconvenience and the humiliation incurred because of the public knowledge of the large expenditures and not having a show mare, that she suffered grievous mental anguish and great distress of body and mind and was thereby damaged in the sum of Seven Thousand Five Hundred ($7500.00) Dollars."

In the alternative, plaintiff in a second count alleged a breach of warranty of fitness as a show horse and claimed as damages $3,750.00, the purchase price of the mare, $1,963.38 for expenditures made, and $7,500.00 for humiliation, inconvenience, grievous mental anguish and distress of body and mind, on the ground that the said mare was not sound and free from hidden defects which would impair its usefulness as a show horse, for the reason that said mare suffered from neurectomy (severed nerves) in both front legs, which was not discernible on ordinary inspection, and that the mare was also suffering from foundering or laminitis and a condition of chronic arthritis. As basis for her right to recover damages for mental anguish and distress of body and mind she repeated verbatim the allegations alleged in the first count of her complaint as basis for her right to recover such damages.

On motion, the court struck from both counts of the complaint the allegations alleged as the basis for her right to recover damages for mental anguish and distress of body and mind. The court, by the same order, dismissed the second count of the complaint, expressing the view that by striking the allegation of the second count with reference to damages suffered by her by reason of mental anguish and distress of body and mind, the amount in controversy no longer exceeded, exclusive of interest and costs, the sum of $10,000.00. From this order striking from both counts of the complaint the allegations by which she sought to recover damages for mental anguish and distress of body and mind and dis-

missing the second count, plaintiff prosecutes this appeal.

As has been observed, the court struck from both counts of the complaint the allegations by which plaintiff sought to recover damages for mental anguish and distress of body and mind. Having eliminated this allegation as to damages, the court then dismissed the second count on the ground that it did not involve the amount necessary to confer jurisdiction on the trial court.

■ There was but one transaction or controversy alleged in the complaint. The plaintiff first alleged this transaction on the theory that it sounded in tort. Then, out of an abundance of precaution, she pleaded in the alternative that her right of recovery was based upon breach of contract. This she had a right to do under rule 18(a), Federal Rules of Civil Procedure, Title 28, U.S.C., which in part provides:

> "The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party."

If, under the evidence, she should be entitled to recover under the first count of the complaint, she could recover on every element of damage alleged in the second count of the complaint.

■■ A cause of action is generally defined as the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief. Federal Reserve Bank of Atlanta, for Use of American Surety Co. of New York v. Atlanta Trust Co., 5 Cir., 91 F.2d 283, 117 A.L.R. 1160; Baltimore & O. R. Co. v. Larwill, 83 Ohio St. 108, 93 N.E. 619, 34 L.R.A.N.S. 1195; Emory v. Hazard Powder Co., 22 S.C. 476. Generally, the question of jurisdiction is to be determined by the allegations of the complaint and if the allegations of the complaint are made in good faith and the jurisdictional amount is

properly pleaded, then the court's jurisdiction attaches when the complaint is filed and subsequent proceedings ordinarily will not divest the court of jurisdiction once attached. Anderson-Thompson, Inc. v. Logan Grain Co., 10 Cir., 238 F.2d 598; American Fidelity & Casualty Co. v. Owensboro Milling Co., 6 Cir., 222 F.2d 109; T. S. C. Motor Freight Lines v. Leonard Truck Lines, Inc., D.C.La., 4 F.R.D. 366; 36 C.J.S. Federal Courts § 310 d(2), p. 537; Straf v. Colonial Factors Corporation, 8 Cir., 273 F.2d 554; St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; United Steelworkers of America, C.I.O. v. International Tel. and Tel. Corp., D.C.Minn., 133 F.Supp. 602; Jones v. St. Paul Fire & Marine Ins. Co., 5 Cir., 108 F.2d 123. In Anderson-Thompson, Inc. v. Logan Grain Co., supra [238 F.2d 601], it is said:

> "In the absence of bad faith or collusion, not here present, jurisdiction attaches at the moment of the filing of the complaint and the existence of a good defense or a voluntary or involuntary reduction of the amount claimed, or a change in the cause of action, will not defeat jurisdiction previously acquired."

In Straf v. Colonial Factors Corporation, supra [273 F.2d 557], we said:

> "The amount in controversy is ordinarily to be determined by the allegations of the complaint rather than the amount that may actually be recovered. It is generally held that where the complaint specifically alleges an amount in controversy, exclusive of interest and costs, in excess of $3,000.00, that is sufficient to confer jurisdiction on the court unless the allegations are made in bad faith."

In T. S. C. Motor Freight Lines v. Leonard Truck Lines, Inc., supra [4 F.R. D. 367], it is said, inter alia:

> "If the suit for specific performance was filed in good faith and the value in controversy was sufficient to support jurisdiction, then the fact

that the alternative demand of damages was for less than $3,000 would have made no difference."

In United Steelworkers of America, C.I.O. v. International Tel. and Tel. Corp., supra [133 F.Supp. 604], the rule is stated as follows:

"If jurisdiction of this court has attached as of the time the action is filed or removed, it is not destroyed by subsequent reduction of the amount of the claim."

In Jones v. St. Paul Fire & Marine Ins. Co., supra [108 F.2d 125], it is said:

"The new rules seek to require in a civil action what has always been aimed at in an equity suit, that all claims growing out of a single transaction be brought in and settled in one case. Rules 13, 15(c), 18(a). That one of them alone may involve less than $3,000 is not an obstacle if the controversy as a whole involves that much; and jurisdiction once acquired lasts till the court finishes with all parts of the controversy."

■ The good faith of the allegations of the complaint is not controverted and we conclude that the court was in error in dismissing the second count of the complaint on the ground that there was not sufficient amount in controversy to confer jurisdiction on the court.

■ As to the contention that the court erred in striking from both counts of the complaint allegations by which plaintiff sought to recover damages for mental anguish and distress of body and mind, it is to be observed that this was not a final order and the court does not purport to make it a final order, if that were possible, by certifying it under Rule 54(b), Federal Rules of Civil Procedure, Title 28, U.S.C. Certainly it did not finally dispose of the issues in the case. Mesabi Iron Company v. Reserve Mining Company, 8 Cir., 270 F.2d 567; Arnold v. United States for Use of W. B. Guimarin & Co., 263 U.S. 427, 44 S.Ct. 144, 68 L.Ed. 371; Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443. If renewed, it will be reviewable on appeal should the case proceed to final judgment adverse to plaintiff. The order is therefore vacated without expressing any opinion as to its correctness.

The order dismissing count two of plaintiff's complaint is reversed and the order striking the allegations of counts one and two, by which plaintiff sought to recover damages for mental anguish and distress of body and mind, is vacated and the cause is remanded for further proceedings not inconsistent with this opinion.

VAN OOSTERHOUT, Circuit Judge (specially concurring).

I agree with the result reached by the majority opinion to the extent that it reverses the judgment of dismissal of count two of plaintiff's claim and remands the case. I am not in accord with some of the views expressed by the majority as a basis for supporting the reversal. Thus, I find it necessary to briefly state my views.

If for the purposes of analysis, count two is considered independently and without reference to count one, I believe the trial court's dismissal of count two for want of jurisdiction is justified. The trial court, upon the basis of Missouri law, reached a permissible conclusion that no damages for mental suffering were recoverable as a matter of law in a breach of warranty action such as that presented by count two. The general rule as stated by the majority is that the jurisdictional amount is to be determined upon the allegations of the complaint. The general rule is fully stated in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. The court in the case just cited, at page 289 of 303 U.S., at page 590 of 58 S.Ct., recognizes the following exception to the rule:

"But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satis-

fied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."

Such exception is also recognized in Bell v. Preferred Life Assur. Society, 320 U.S. 238, 64 S.Ct. 5, 6, 88 L.Ed. 15, where the court states:

"* * * the question remains whether it is apparent to a legal certainty from the complaint that he could not recover, in addition, sufficient punitive damages to make up the requisite $3,000."

The court then holds that under applicable South Carolina law punitive damages are allowable in the situation presented.

In Parmelee v. Ackerman, 6 Cir., 252 F.2d 721, 722, a case factually similar to our present case in many respects, the court eliminated, in considering the jurisdictional amount, allegations for damages for embarrassment and mental suffering, which damages it found were not recoverable in a contract action in Ohio. The court states:

"And it is settled that, in ascertaining the amount in controversy for jurisdictional purposes, 'where the law gives the rule, the legal cause of action, and not the plaintiff's demand, must be regarded.'"

In our present case upon the basis of applicable Missouri law I believe that the trial court was justified in determining from the face of count two that it is apparent to a legal certainty that the plaintiff is not entitled to recover the damages claimed by reason of mental suffering. The elimination of the $7,500 claim for mental suffering brings the amount asked in count two below the jurisdictional amount of $10,000.

I believe that there is a valid legal basis which requires us to reverse the trial court's judgment dismissing count two. As stated by the majority opinion, count one is based upon fraud and count two is based upon breach of warranty. Both counts are based upon the same transaction. No question of the court's jurisdiction to consider count one is raised. I agree with the statement in the majority opinion to the effect that count two is an alternate count based upon the same cause of action as count one, and that it was properly joined with count one. Under circumstances such as are presented here, the court acquired jurisdiction over the cause of action asserted by the plaintiff by reason of proper jurisdictional allegations found in count one. I believe the court also acquired jurisdiction over the alternate claim involving the same cause of action even though the alternative claim cannot be construed as claiming the requisite jurisdictional amount. Such view is supported by Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, and by American Fidelity & Casualty Co. v. Owensboro Milling Co., 6 Cir., 222 F.2d 109. See 3 Moore's Federal Practice, ¶ 18.07 [1], as supplemented by page 139 of loose-leaf supplement.

The majority opinion properly states that this court has no jurisdiction to consider the appeal from the trial court's order striking certain allegations from count one. It is my view that such determination precludes any jurisdiction on our part to vacate the order striking a portion of count one. However, such order in the present case causes no substantial prejudice.

For the reasons hereinabove stated, I concur in the conclusion of the majority that the order dismissing count two of the complaint should be reversed and that the case should be remanded.