**Wilton R. STEPHENS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. LR–63–C–7.**

United States District Court
E. D. Arkansas, W. D.
May 3, 1963.

William H. Bowen, Little Rock, Ark., for plaintiff.

Robert D. Smith, U. S. Atty., Little Rock, Ark., for defendant.

HENLEY, Chief Judge.

This suit for a refund of federal gift taxes paid by plaintiff, Wilton R. Stephens, with respect to the tax years 1949 and 1956 is now before the Court on the Government's motion to dismiss the complaint as being prematurely filed.

Section 7422(a) of the Internal Revenue Code of 1954 provides that no suit for any refund of an internal revenue tax allegedly assessed or collected erroneously or illegally shall be maintained in any court until a claim for refund or credit has been duly filed with the Secretary of the Treasury or his delegate; and section 6532(a) (1) provides that no suit or proceeding under section 7422(a) shall be begun before the expiration of six months from the date of filing the claim for refund "unless the Secretary or his delegate renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

The complaint herein was filed on January 30, 1963, and it is alleged that claims for refund were filed on November 9, 1962, and that notice of disallowance of the claims was mailed to plaintiff on or about January 23, 1963. It is the position of the Government that there has been no administrative decision on the claims, and that the suit has been prematurely brought since it was filed less than six months after the initial filing of the claims.

From the materials before the Court it appears that the claims have been considered by the Internal Revenue Service,[1] that under date of December 12, 1962, an Internal Revenue Agent filed a report in which he recommended that the claims be disallowed in their entirety, and that an additional deficiency of $243,173.53 be assessed with respect to 1956, and that on January 23, 1963, a 30-day letter was transmitted to plaintiff by the District Director of Internal Revenue at Little Rock along with a copy of the Internal Revenue Agent's report just mentioned.[2] It is the position of plaintiff that the action of the District Director in mailing the 30-day letter and the copy of the report amounted to an administrative rejection of the claims and constituted a notice of disallowance thereof so as to justify plaintiff in commencing his suit.[3]

It will have been observed that the statute upon which the Government relies does two things: (1) it prescribes a waiting period of six months before the expiration of which a suit for a refund may not be filed unless within the six months period the Secretary or his delegate "renders a decision" on the claim for refund; (2) it prescribes a period of limitations after which an action for a refund is barred, that period running from the date on which the Secretary or his delegate mails to the taxpayer a notice of disallowance of his claim. The obvious purpose of the statute is to give the Internal Revenue Service a reasonable period within which to make an administrative appraisal of the claim before being required to litigate the matter in court. Register Publishing Co. v. United States, D.C.Conn., 189 F.Supp.

---

1. As a matter of fact counsel for plaintiff states in one of his memorandums that plaintiff's gift tax liability has been the subject of detailed study by the Service over a substantial period of time.

2. The 30-day letter did not refer directly to the claims for refunds. It was the usual 30-day notice of a proposed deficiency assessment and related to the Agent's recommendation that an additional assessment in the sum above mentioned be made.

3. There is no question that the District Director is a delegate of the Secretary of the Treasury authorized to mail notices of disallowance of claims for refund. See in this connection 26 U.S.C.A. § 7701 (12); Federal Tax Regulations, 1962 and 1963, §§ 301, 6531(a), and 301.7701.9; Register Publishing Co. v. United States, D.C.Conn., 189 F.Supp. 626, 628.

626, 628; Gerrard v. Campbell, N.D.Ill., 81 F.Supp. 752. While the Service may take the full six months period to study the claim, nevertheless if within that period an administrative decision is in fact reached and communicated to the taxpayer, nothing is gained by requiring him to await the expiration of the full statutory period before commencing his action.

In this connection it should be pointed out that § 6532(a) (4) provides that any consideration, reconsideration, or action by the Secretary or his delegate with respect to a claim for refund following the mailing of a notice of disallowance shall not operate to extend the two-year period within which the taxpayer must file his suit. If further administrative action on a once disallowed claim does not operate to toll the statute of limitations, no reason appears why the mere possibility of a reconsideration by the Treasury should force the taxpayer to wait out the full six months period before filing suit. Cf. Beardsley v. United States, D.C.Conn., 126 F.Supp. 775.

Although the 30-day letter did not advise plaintiff in so many words that his claims for refund had been denied, nevertheless it did so by necessary implication when read in connection with the accompanying Internal Revenue Agent's report, which recommended disallowance of the claims in full and an additional assessment of nearly a quarter of a million dollars. That the 30-day letter dealt with this specific proposed deficiency is made clear not only by the relation of the letter to the report, but also by the fact that in April of the current year, after the filing of the suit, plaintiff was mailed a statutory notice of deficiency in the exact amount recommended by the Agent.

From its consideration of the law and of the materials before it, the Court is convinced that there had been an administrative decision adverse to plaintiff's claims and that plaintiff was notified of that decision prior to filing suit. Hence, the action is not premature.

The exact question before the Court was presented in Register, supra, and the Court there held that the 30-day letter amounted to a decision by the Secretary or his delegate which justified the commencement of the action prior to the expiration of the six months period. No useful purpose would be served by paraphrasing or quoting from the Register opinion. Suffice to say that the Court finds itself in full accord with the reasoning in and the result of that case.

Let the Government's motion be denied.