## DIEPEN et al. v. FERNOW et al.
### Civ. A. No. 96.

District Court, W. D. Michigan, S. D.

Sept. 13, 1940.

William Jacobs and William E. Trude, both of Chicago, Ill., for plaintiffs.

Alexander, McCaslin & Cholette, of Grand Rapids, Mich., for defendants.

RAYMOND, District Judge.

The controlling question presented by the pending motion to dismiss is whether the broad language of Rule 20 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is limited by Rule 82 to prevent the joinder of parties plaintiff having claims of less than $3,000 with a plaintiff claiming more than $3,000, where the rights of action are separate and distinct but arise out of the same transaction or occurrence and a question of law or fact common to all is present.

It appears by the complaint that the three parties plaintiff were injured in the same automobile accident, it being alleged that the injuries resulted from the negligent acts of defendants. Damages to plaintiff George Diepen are alleged in excess of $3,000, while as to plaintiffs Theresa Diepen and Robert Diepen, the damages as to each are alleged at considerably less than $3,000. It is conceded that the parties plaintiff do not have a joint cause of action and that there has been no aggregation of claims by assignment.

No authorities upon the precise question are cited by counsel. Plaintiffs urge that where the federal court has obtained jurisdiction of a matter in controversy (as it has in this case through the claim of George Diepen which is above the minimum jurisdictional amount), the court should retain jurisdiction to dispose of other claims arising out of the same occurrence and transaction, where a question of law or fact common to all is involved. It is argued that the proper construction of Rule 20, together with subdivision 1 of section 41 of Title 28 U.S.C., 28 U.S.C.A. § 41, which gives the federal court jurisdiction "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000", requires the federal court to assume jurisdiction over incidental claims arising out of the same occurrence and transaction as well as the principal claim which in the first instance gives the court a "matter in controversy" in excess of $3,-000.

In the proceedings of the American Bar Association Institute at Cleveland for discussion of the Rules of Civil Procedure, in discussing Rule 82, Judge Donworth said, page 355, "Rule 82, a very important rule: 'These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein.' So that wherever you have a question arising under a venue statute or under a jurisdictional statute, the rules yield to the statute and there is no conflict. The venue statutes and the jurisdictional statutes are not affected or attempted to be affected."

In the proceedings of the Institute at Washington, this rule was commented upon by Dean Clark, as follows page 60: "We

have an important rule toward the end here —Rule 82—which provides that these rules do not either extend or limit the jurisdiction or venue of the federal courts. Of course, these rules, being procedural rules, ought not to change these vitally important questions of policy, of legislative or at times even constitutional policy, between the states and the Federal Government. So in all these matters, where it appears that additional claims of one kind or another, whether counterclaims or third-party claims, are going to raise questions of jurisdiction which cannot be answered, are going to bring in matters over which the court has no jurisdiction, then they cannot be pleaded. You have to read that as an addition to all these rules, that the matter must be within the jurisdiction of the federal courts."

In Holtzoff's New Federal Procedure and the Courts, it is said, page 59, "In view of the limitations on the jurisdiction of the Federal courts, a claim for which Federal jurisdiction is lacking may not be joined with one of which the Federal court has cognizance."

■ The issue presented with reference to the claims of Theresa Diepen and Robert Diepen is clearly one of jurisdiction. See Pinel v. Pinel, 240 U.S. 594, 596, 36 S.Ct. 416, 417, 60 L.Ed. 817, where it was said: "The settled rule is that when two or more plaintiffs having separate and distinct demands unite in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount. Clay v. Field, 138 U.S. 464, 479, 11 S.Ct. 419, 34 L.Ed. 1044, 1049; Troy Bank v. G. A. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81. This case comes within the former class, since the title of each complainant is separate and distinct from that of the other; it being evident that the testator's omission to provide for one of his children by will, based upon mistake or accident, is independent of the question whether a like mistake was made with respect to another child."

See, also, Hilliker v. Grand Lodge, K.P., 6 Cir., 112 F.2d 382, wherein it was held that creditors who have each a single title or right against a debtor not in excess of $3,000, may not aggregate their claims to confer jurisdiction upon a federal court. In Robertson v. Argus Hosiery Mills, D.C., 32 F.Supp. 19, 20, it was said: "It has been repeatedly held and with but few conflicting decisions that the aggregate of a number of independent claims may not be taken as the amount in controversy, but that the jurisdictional amount must be found in each of the claims."

In the case of Doyle v. Loring, 6 Cir., 107 F.2d 337, it was recognized that the Rules of Federal Procedure do not affect the statutory venue of actions in the District Court. See, also, Tullgren v. Jasper, D.C., 27 F.Supp. 413. In Moore's Federal Practice, pages 544, 2123, 2184, 2185, the author clearly expresses the view that where several plaintiffs join to sue one defendant and the demands are separate and distinct, each must have a claim in the jurisdictional amount, while if they unite to enforce a joint or common interest, aggregation is permissible. He says, pages 2184 and 2185,—

"If jurisdiction is predicated upon diversity or alienage all the plaintiffs must be able to sue all the defendants. The claims of the parties cannot be aggregated, unless the claims are joint or held in common.

\* \* \* \* \*

"Thus if A, B, and C each have a right of action against X and a separate right of action against Y, and jurisdiction is predicated upon diversity, each plaintiff must be able to sue each defendant, and each must have a claim against each defendant in excess of $3,000, exclusive of interest and costs."

■ Under Rule 21, misjoinder of parties is not a ground of defense and, therefore, not a ground for dismissal. The suitable remedy in such a case is to drop the party who has been improperly joined. See Macleod v. Cohen-Erichs Corporation, D.C., 28 F.Supp. 103. An order will, therefore, be entered eliminating plaintiffs Theresa Diepen and Robert Diepen as parties to the cause.