## MITCHELL et al. v. GREAT AMER-ICAN INDEMNITY CO.

Civ. A. No. 2789.

United States District Court
W. D. Louisiana, Monroe Division.

Jan. 27, 1950.

Hargrove, Guyton, Van Hook & Hargrove, Booth, Lockard & Jack, Shreveport, Louisiana, for plaintiffs.

Garrett & Pleasant, Shreveport, Louisiana, for defendant.

DAWKINS, Chief Judge.

Plaintiff sued in tort for injuries to himself and on behalf of his four minor daughters alleged to have been caused in a collision of motor vehicles. Defendant has excepted to the jurisdiction ratione materiae insofar as the claim on behalf of the minor, Barbara Jane, ten years of age, is concerned, contending that, on its face, the complaint discloses that the injuries could not possibly have amounted to as much as $3000.

The original petition as to this claim alleges:

"The third oldest child, Barbara Jane Mitchell, age 10, sustained the following injuries:

"a. Contusion and bruise of left shoulder.

"b. Severe blow on back of head.

"She suffered considerable pain but all of her injuries have apparently healed and she has no scars."

*"Barbara Jane* for pain and suffering .................... $5,000.00"

After the plea to the jurisdiction was filed, counsel for plaintiff submitted an amendment alleging as follows:

"Barbara Jane sustained a severe hematoma of the scalp on the occipital region. She sustained a badly strained shoulder. She was forced to take tetanus anti-toxin. She was hospitalized for several days. She was unable to go to school for a period of three or four weeks. On August 24, 1949, ten months after the accident, the hema-

toma and lump on her head were still there, visible and caused some pain from time to time. She suffered intense pain over a period of months from her strained shoulder and her nervous system was badly upset over a period of months."

The first question is as to whether these articles of the original and amended bills, presumably made in good faith, make certain that, in no event, could there be recovered in excess of $3000, the minimum jurisdiction of this court. At first blush there appears inconsistency between the allegations of the complaint and the amendment. However, it would be possible for the "injuries (to) have apparently healed and she has no scars" and there still be a "hema-toma and lump on her head * * * visible on August 24, 1949 * * * ten months after the accident * * *." It is further alleged in the amendment that the "lump on her head * * * caused some pain from time to time. She suffered intense pain over a period of months from her sprained shoulder and her nervous system was badly upset over a period of months." Hema-toma is defined by Webster as "a tumor or swelling containing blood." It is not possible to put an exact value upon pain and suffering, especially if it be "intense," and the "nervous system was (be) badly upset over a period of months." Therefore, for the purposes of this plea, the court will accept the allegation as to the alleged amount of damages, but if, on the trial, it should be found that this amount was deliberately inflated and the amount claimed could not possibly be recovered, then, at that time, the court will still have the power to dismiss the claim and tax the costs incurred in asserting it against the plaintiff.

The amount claimed must, as to the father and each of his daughters separately, amount to more than $3000. Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Diepen et al. v. Fernow et al., D.C., 1 F.R. D. 378; Edelhertz v. Matlack et al., D.C., 42 F.Supp. 309.

The motion to dismiss is denied at this time.