**MANUFACTURERS CASUALTY INSURANCE COMPANY, Appellant,**

v.

**Odell COKER, as Administrator of the Estate of Willie Anderson Lemon, deceased, et al., Appellees.**

**No. 6895.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1955.

Decided Feb. 21, 1955.

---

Edward A. Harter, Jr., Columbia, S. C. (N. A. Turner and Turner, Harter & Padget, Columbia, S. C., on the brief), for appellant.

Robert McC. Figg, Jr., Charleston, S. C. (Strom Thurmond, Aiken, S. C., and S. E. Rogers, Summerton, S. C., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from an order dismissing as against all except one of the defendants an action for declaratory judgment instituted by an insurance company with respect to a policy of insurance issued by it on school buses in the State of South Carolina. The policy was issued pursuant to the requirement of the School Bus Insurance Act, section 21–840 et seq. of the 1953 Cumulative Supplement to the South Carolina Code, which required such insurance contracts to provide the following benefits:

"(1) For a lawful occupant of any such school bus who suffers personal injuries or death, a death benefit of two thousand dollars ($2,-000.00) and an amount sufficient to defray the cost of hospitalization, surgery, medicine, and all other medical expenses up to three thousand dollars ($3,000.00);

"(2) For any person, other than a person riding on a school bus, or a person who qualifies for benefits under paragraph (1), who suffers personal injuries or death because of the negligent operation of any such school bus, an amount not exceeding five thousand dollars ($5,000.00) for any one person nor more than twenty-five thousand dollars ($25,000.-00) for any one accident;".

The policy contained the usual omnibus coverage clause naming as an additional insured anyone operating a bus with the permission of the named insured. It contained also the usual clause undertaking to pay on behalf of insured all damages which insured should become legally obligated to pay on account of bodily injury, limited, however, to $5,000 for each person and $25,000 for each accident. An endorsement excluded liability for injury to passengers "While in, or upon, entering or alighting from the automobile."

On January 20, 1953, there was a collision between two school buses covered by this policy and twenty-three children riding in one of the buses sustained injuries for which they instituted actions in a state court and recovered judgments for damages against the administrator of the driver of the other bus, who was killed in the collision. The amount of these recoveries ranged from $200 to $2,900, the total amount being $40,450, or more than $15,000 in excess of the total liability of the plaintiff company for any one accident. After the recovery of these judgments, plaintiff instituted this action against the administrator of the deceased driver, and the twenty-three children who had recovered judgments for damages against him, alleging that plaintiff was threatened with lawsuits under claims that its policy afforded coverage to the administrator and inured to the benefit of the other defendants and asking the court to declare that the plaintiff owed no duty to defend the administrator or to pay any of the judgments recovered against him. The defendants other than the administrator moved to dismiss the action as to them on the ground that the controversy as to each was several and involved less than three thousand dollars, exclusive of interest and cost. The motion was granted and the action was dismissed as to all of the defendants except the administrator. 16 F.R.D. 208.

The learned District Judge was of opinion that the claims of the infant defendants against plaintiff, represented by judgments obtained against the administrator of the deceased driver, were several and unrelated and that, since each was for less than three thousand dollars, the court was without jurisdiction to consider them. We think, however, that this fails to take into account the fact that all of them, so far as the liability of plaintiff is concerned, are dependent upon the $25,000 coverage by plaintiff's policy of the liability of the deceased driver and that no part of this coverage is allotted to any individual claim. Since the claims of the infant defendants against plaintiff thus arise out of a single instrument, they could have been aggregated for purposes of jurisdiction in a suit against plaintiff to establish liability under that instrument. See Shields v. Thomas, 58 U.S. 3, 17 How. 3, 15 L.Ed. 93; New Orleans Pac. Ry. Co. v. Parker, 143 U.S. 42, 12 S.Ct. 364, 36 L.Ed. 66; Troy Bank of Troy, Ind. v. Whitehead & Co., 222 U. S. 39, 32 S.Ct. 9, 56 L.Ed. 81; Miller v. National City Bank of New York, 2 Cir., 147 F.2d 798; Lovett v. Prentice, C.C., 44 F. 459; note 72 A.L.R. 193. Conversely, the plaintiff may maintain action against the infant defendants for determining its liability under the policy where the aggregate of their claims thereunder exceeds the jurisdictional amount. C. E. Carnes & Co. v. Employers' Liability Assurance Corporation, Ltd., 5 Cir., 101 F.2d 739; Pacific Fire Ins. Co. v. Reiner, D.C., 45 F.Supp. 703.

The applicable rules are thus stated in Dobie on Federal Procedure, pp. 158, 162:

"*Claims of Two or More Plaintiffs Against the Same Defendant.* Two or more plaintiffs may aggregate their claims against the same defendant, to make up the required jurisdictional amount, only when they unite to enforce a single title or right in which they have a common or undivided interest against the defendant, though this may be

separable as among the plaintiffs. It is not necessary that the claims of the plaintiffs be joint, in the technical legal sense of that word, as opposed to several. But it is essential that these claims constitute in their totality an integrated right against the defendant. A practical, as well as a technical, category into which the claims must fall, if aggregation is to be permitted, seems to have been evolved by the Supreme Court.

*"Claims of the Same Plaintiff Against Two or More Defendants.* Quite the same principles are applicable when the same plaintiff seeks to join, in order to make up the jurisdictional amount, claims against two or more defendants."

■ Jurisdiction as to the infant defendants can be sustained on the additional ground that determination of liability as to their claims is ancillary and incidental to determination of plaintiff's liability to the administrator of the deceased driver as an insured under the policy, a controversy which admittedly involves $25,000, and as to which the action has not been dismissed. As the determination of liability to the administrator of the deceased driver would necessarily involve determination of liability to the injured persons upon which that liability depends, and as the right of such persons to recover against plaintiff would depend upon plaintiff's liability to the administrator, it was proper that they be made parties to the action against the administrator, so that the entire controversy could be settled in one action and the possibility of conflicting decisions by different courts with respect to the same subject matter be avoided. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273–274, 61 S.Ct. 510, 85 L.Ed. 826; Central Surety & Ins. Corporation v. Norris, 5 Cir., 103 F.2d 116; Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665; American Ins. Co. v. Lester, 4 Cir., 214 F.2d 578. What is sought to be litigated is plaintiff's liability under its policy to indemnify the driver as an insured against liability for negligence resulting in personal injury and to pay claims on that account for which his estate is legally liable. The liability of the company is limited to $25,000. If that liability is held not to exist, it is important that persons claiming an interest thereunder be parties to the action so that they may be bound by the judgment making the determination. If the liability is sustained, it is important that they be parties so that the court may decree how the fund arising from the liability, which is less than the amount of their claims, is to be distributed among them.

It is no objection to such joinder that the claim of each of the infant defendants is less than the jurisdictional amount. The liability with respect to the driver is sufficient to sustain jurisdiction as to the principal controversy, and the liability to the other claimants, based upon the liability to the driver, will be determined as ancillary or subsidiary to that. Stewart v. Dunham, 115 U.S. 61, 5 S.Ct. 1163, 29 L.Ed. 329. This is the rule in the case of creditor's bills. Handley v. Stutz, 137 U.S. 366, 11 S. Ct. 117, 34 L.Ed. 706; Huff v. Bidwell, 5 Cir., 151 F. 563. In the case of third party defendants, which is somewhat analogous, it is held that, after the court has acquired jurisdiction of the main controversy such ancillary matters may be determined without regard even to diversity of citizenship. Waylander-Peterson Co. v. Great Northern Ry. Co., 8 Cir., 201 F.2d 408; Bernstein v. N. V. Nederlandsche-Amerikaansche, etc., 2 Cir., 173 F.2d 71; Sheppard v. Atlantic States Gas Co., 3 Cir., 167 F.2d 841; Moore's Federal Practice vol. 3, sec. 14.26, p. 496; Barron and Holtzoff, Federal Practice and Procedure vol. 1 p. 841; 54 Am.Jur. 722–723.

■ While we think that there was jurisdiction in the court below of the

action as to the infant defendants and that there was error in dismissing it as to them, we do not mean to intimate that the court should, at this stage of the proceedings, exercise its discretion to enter a declaratory judgment or enjoin state court proceedings instituted in behalf of the infant defendants in the state courts. The questions involved in the case are questions as to the meaning of the policy, which is in large measure dependent upon the interpretation to be placed upon the statute requiring its issuance. The statute has not yet been construed by the Supreme Court of the state with respect to the questions involved, but actions are pending between the parties, one of which can be carried to the State Supreme Court and an authoritative decision obtained as to its meaning. Until this can be done, we think that proceedings herein might well be stayed so that in passing upon the rights of the parties the federal courts may know what interpretation the Supreme Court of South Carolina places upon the statute and the bearing, if any, that it has upon the meaning of policies issued pursuant thereto. City of Chicago v. Fieldcrest Dairies, 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355. See also Shipman v. Du Pre, 339 U.S. 321, 70 S.Ct. 640, 94 L.Ed. 877; American Federation of Labor v. Watson, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873. As we have frequently pointed out, the power to enter declaratory judgments is one resting in the sound discretion of the trial court; and a sound exercise of the discretion here would indicate a stay of proceedings for a reasonable time to allow an authoritative interpretation of the state statute to be obtained from the Supreme Court of the State.

The order dismissing the action as to the infant defendants will accordingly be reversed and the cause will be remanded for further proceedings not inconsistent herewith.

Reversed and remanded.