AETNA INSURANCE COMPANY, a corporation, et al., Appellants,

v.

CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Appellee.

No. 5134.

United States Court of Appeals Tenth Circuit.

Jan. 19, 1956.

J. T. Pincus, Chicago, Ill. (Donald N. Clausen, Herbert W. Hirsh, Clausen, Hirsh & Miller, Chicago, Ill., Donald C. Little and Frank L. Bates, Kansas City, Mo., on the brief), for appellants.

Clayton M. Davis, Topeka, Kan. (Milton V. Thompson, Chicago, Ill., and Mark L. Bennett, Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, MURRAH, Circuit Judge, and RICE, District Judge.

MURRAH, Circuit Judge.

In this declaratory action the question on appeal is the correctness of the trial court's judgment dismissing the action as to some of the parties plaintiff for lack of jurisdictional amount in controversy, and as to other parties plaintiff, because of the pendency of a suit in the state court involving the same subject matter between the same parties.

The undisputed facts are well stated in the exhaustive and well-reasoned opinion of the trial court, reported in 127 F.Supp. 895. We agree with the trial court's reasoning and conclusions and should be content to rest our decision there if it were not for appellants' reliance upon two recent cases not cited in the trial court's opinion and apparently not relied upon there. The first is Yuba Consolidated Gold Fields v. Kilkeary, 9 Cir., 206 F.2d 884, wherein one plaintiff filed a complaint in the nature of a bill of peace seeking to avoid a multiplicity of legal actions against it by a determination in one equity suit of its liability asserted in hundreds of claims for damages against it resulting from floods of a river. The potential liabilities to each of the defendants were separate and distinct, but they grew out of one occurrence. The right asserted by the plaintiff was to be free of liability to all of the defendants arising out of the one occurrence—a flood. The value of that right to the plaintiff was the jurisdictional test, and it far exceeded the requisite jurisdictional amount. In addition, some of the claims against it filed in the state court for less than the jurisdictional amount were removed to the federal court along with other claims in excess of the jurisdictional amount. The trial court exercised its statutory discretion under § 1441(c), Title 28 U.S.C.A., to retain jurisdiction of all of the related claims to expedite the comprehensive disposition of the entire controversy.

In the second case, Manufacturers Casualty Insurance Co. v. Coker, 4 Cir., 219 F.2d 631, one plaintiff brought suit for a declaratory judgment of nonliability to several defendants with separate claims against it. Jurisdiction was sustained on the theory that although each of the claims against the plaintiff was less than $3,000, all of the claims were nevertheless dependent upon the $25,000 coverage of the plaintiff's policy, no part of which was allocated to any individual claim. The court was also of the opinion that since the claims of the defendants against the plaintiff arose out of a single instrument, they could have been

aggregated for purposes of jurisdiction in a suit against the plaintiff to establish liability under that instrument. That conclusion is based upon eminent authority approving the aggregation of two or more claims against the same defendant to make up the jurisdictional amount when the plaintiffs unite to enforce a single title or right in which they have "common or undivided interests" against the defendant, if "these claims constitute in their totality an integrated right against the defendant." See Dobie on Federal Procedure, pp. 158, 162.

 We agree that claimants may aggregate their claims to enforce a single title or right in which they have an undivided interest, but we seriously doubt whether plaintiffs with only a common or community of interest arising out of a single instrument may aggregate their claims to make up the jurisdictional amount. In any event, we know that the pecuniary consequence to each plaintiff is the test, unless of course the interest in the right asserted is undivided. See Thomson v. Gaskill, 315 U.S. 442, 447, 62 S.Ct. 673, 86 L.Ed. 951. Here the claims of the plaintiffs are common in the sense of a community of interest in the rights asserted, but they are not undivided in the sense that they "constitute in their totality an integrated right." Instead they are separate and distinct having only a common basis of fact and law arising from a single instrument. The statute, 28 U.S.C.A. § 1331, conferring jurisdiction calls for strict construction and all doubts ought therefore to be resolved in favor of state-court jurisdiction in cases of this kind. Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248. And we ought also to strive toward a rule which will tend to simplify perplexing and constantly recurring jurisdictional questions.

A further contention not treated in the decision of the trial court is to the effect that since the court admittedly acquired jurisdiction of the claims of nine of the plaintiffs having the requisite jurisdictional amount, it thereby acquired ancillary or continuing jurisdiction of the nonjurisdictional claims of the 39 other plaintiffs, and to avoid multiplicity of suits and expedite the administration of justice, the court should have retained jurisdiction of the whole suit for final and conclusive judgment adjudicating the rights of all of the parties under one instrument.

██ ██ It is true that a federal court may assert jurisdiction of a claim which is a continuation of or incidental and ancillary to a principal claim over which it has jurisdiction even though it might not have jurisdiction of the ancillary proceedings if it were an independent and original action or proceedings. This is so because the ancillary claim is referable to or dependent upon the jurisdiction of the court over the principal suit or proceeding. See United States v. Acord, 10 Cir., 209 F.2d 709. But to be ancillary the claim must be subordinate to or connected with property in the custody and control of the court and under the court's jurisdiction. See Oils, Inc., v. Blankenship, 10 Cir., 145 F.2d 354. While the rights asserted by these plaintiffs arise out of a single contract, they are not ancillary, incidental or subsidiary to each other; instead they are separate, independent and coordinate. The adjudication of one would only be stare decisis of the other.

 Only one word need be said concerning the trial court's discretion not to exercise its jurisdiction over the nine claims with the jurisdictional amount in controversy. The trial court has remanded the removed state-court litigation and that order is not reviewable. The questions involved in those claims must be determined under controlling state law. If the trial court should proceed to final judgment on the nine claims over which it has jurisdiction, and the state court should proceed to a contrary judgment on the 39 claims over which it has jurisdiction, an incongruous conflict would undoubtedly result —a result which we ought to avoid. Cf. Franklin Life Ins. Co. v. Johnson, 10 Cir., 157 F.2d 653; Collier v. Harvey, 10 Cir., 179 F.2d 664.

Judgment is affirmed.