**Robert J. McCORMICK and Marian McCormick, Plaintiffs,**

**v.**

**Lee W. LABELLE and Martha A. Labelle, Defendants.**

**Civil No. 8302.**

United States District Court
D. Connecticut.

Dec. 9, 1960.

Thomas P. Byrne, of McCook, Kenyon & Bonee, Hartford, Conn., for plaintiffs.

No appearance for defendants.

TIMBERS, District Judge.

Plaintiffs move for judgment in this action to recover damages for personal injuries sustained by them as the result

of an automobile accident which occurred on October 23, 1959 in Simsbury, Connecticut.

Pursuant to Rule 4(d), Fed.R.Civ.P., 28 U.S.C.A., service of the summons and complaint was made on defendants through their agent, the Commissioner of Motor Vehicles of the State of Connecticut. Conn.Gen.Stat., ch. 896, § 52–62 (1958). Defendants failed to appear and failed to answer the summons and complaint. Pursuant to Rule 55(a), Fed.R.Civ.P., a default was entered by the Clerk against defendant Lee W. Labelle. The file indicates that defendant Martha A. Labelle is deceased.

Plaintiffs are citizens of Connecticut. Defendants are citizens of Massachusetts. Requisite diversity of citizenship therefore is present.

The complaint alleges that the amount in controversy, exclusive of interest and costs, exceeds $10,000.

In the ad damnum clause, however, plaintiff Marian McCormick claims $7,500 damages and plaintiff Robert J. McCormick claims $5,000 damages.

A United States District Court has original jurisdiction over a civil action between citizens of different states only when the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

■ When two or more plaintiffs having separate and distinct demands unite in a single suit, the demand of each must be of the requisite jurisdictional amount to confer jurisdiction on a United States District Court. Pinel v. Pinel, 1916, 240 U.S. 594, 596, 36 S.Ct. 416, 60 L.Ed. 817. Two or more plaintiffs injured in the same automobile accident have separate and distinct causes of action; even though they join their causes of action in a single suit, they cannot aggregate their claims to achieve the requisite jurisdictional amount. Bell v. Mykytiuk, D.C.E.D.Pa.1955, 135 F.Supp. 167; Mitchell v. Great American Indemnity Co., D.C.W.D.La.1950, 87 F.Supp. 961; Edelhertz v. Matlack, D.C.M.D.Pa.1941, 42 F.Supp. 309.

■ The broad language of Rule 20, Fed.R.Civ.P., which liberally allows permissive joinder of claims, does not allow plaintiffs to aggregate their claims to achieve the requisite jurisdictional amount; for Rule 20, though broad in scope, is limited by Rule 82, Fed.R.Civ.P., which states that "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." Diepen v. Fernow, D.C.W.D.Mich.1940, 1 F.R.D. 378.

■ Despite the allegation in the instant complaint that the amount in controversy, exclusive of interest and costs, exceeds $10,000, the claim of each plaintiff represents a separate and distinct cause of action. Though joined in a single suit, plaintiffs' claims cannot be aggregated to achieve the requisite jurisdictional amount. Since the claim of each plaintiff is for an amount less than $10,000, this Court lacks jurisdiction. 28 U.S.C. § 1332(a)(1).

Plaintiffs' motion for judgment is denied and the action is dismissed.