**EAGLE STAR INSURANCE COMPANY,**
**Limited, Appellant,**

v.

**Augustin MALTES, Gilberto Perez, and**
**Bernabe Arroyo, Appellees.**

**No. 19718.**

United States Court of Appeals
Fifth Circuit.

March 1, 1963.

---

Henry Burnett, Miami, Fla., Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., of counsel, for appellant.

James A. Franklin, Jr., Henderson, Franklin, Starnes & Holt, Fort Myers, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

TUTTLE, Chief Judge.

This appeal presents the threshold inquiry as to the jurisdiction of the trial court. It is a suit filed by three injured parties who allege that they had obtained judgments against the appellant's assured "for the sum of $13,200 damages and costs of $85.80, which said judgments

are a matter of record in said court." The complaint did not allege the amount of the judgment of any one of the three appellees. It is obvious that no more than one of them could have had a judgment in excess of $10,000, and when the case came on for hearing on a motion for summary judgment and the three judgments were attached to the motion for summary judgment, it appeared that one, in favor of Arroyo, was for the sum of $10,000, together with costs of $28.60, one in favor of Augustin Maltes, was for the sum of $4,000, together with costs of $28.60, and the other was in favor of Gilberto Perez in the sum of $200, together with costs in the amount of $26.-60.

From the face of the complaint it is apparent that the three plaintiffs combined their judgments to produce the amount of the claim asserted in the sum of $13,285.80, together with interest and costs.

Florida does not have a direct action statute, and the appellant did not defend the assured in the prior action where the appellees obtained their judgments.

■ The main defense of the appellant in this suit by appellees under the policy [1] was that the assured's vehicle was being used as a "public or livery conveyance" at the time of the accident, and by the terms of the policy the assured was excluded from coverage. On appeal the appellant raises the jurisdictional question of aggregating damages to exceed the $10,000 amount in controversy.[2] Because we reverse the lower court on the jurisdictional question we do not reach the question of policy coverage.

■■ Essentially, the appellant's position is that this case is no different from a suit by three individual plaintiffs against the tortfeasor himself with the insurance company defending the tortfeasor. In such a case there could be no aggregation of claims. Mitchell v. Great

---

1. The policy provided for liability of the appellant to pay on behalf of the assured damages which he should become legally obligated to pay; also to defend the assured.

2. A question of jurisdiction may be raised at any time. Niagara Fire Ins. Co. v. Dyess Furn. Co., 292 F.2d 232 (5th Cir., 1961).

American Indemnity Co., 87 F.Supp. 961 (W.D.La., 1950).[3] Appellees admit this to be the law. However, they contend that this is not such a suit, but a suit on a common contract with a common question of law and fact.[4]

■■ Appellees have a further contention on the same theme, viz., that at least one of the judgments of the appellees was in excess of the jurisdictional amount, and that somehow this supports their joint action and aggregation. This adds no strength to the position of the appellees. Since they brought suit on a joint claim, at least claiming it as such so as to aggregate their claims, it must be treated as such, and there can be no such "ancillary" relief granted to the two plaintiffs who do not allege the requisite jurisdictional amount. See Aetna Ins. Co. v. Chicago R. I. & Pac. R.R., 229 F.2d 584, 586 (10th Cir., 1956). Nor may the plaintiff who did have a claim in excess of $10,000, but who did not allege the existence of this claim as a basis of showing the requisite jurisdictional amount amend his complaint in this court to cure the jurisdictional defect. To do so would allow plaintiff to change his suit from an action by these owners of a single joint claim to a suit by a single owner of a separate claim in the appellate court.

■ The general rule of aggregation to satisfy the jurisdictional amount in controversy has been stated many times, but like many rules of a general nature, it requires an examination of its actual application to the cases to determine its binding effect on a subsequent case with a different factual situation. To aggregate claims of several plaintiffs the plaintiffs must have a "common and undivided interest," though it may be separable as between themselves. But where their interests are distinct, and their only relationship is that "they form a class of parties whose rights or liabilities arose out of the same transaction, or have a relation to a common fund or mass or property sought to be administered, such distinct demands or liabilities cannot be aggregated * * *" Clay v. Field, 138 U.S. 464, 11 S.Ct. 419, 34 L.Ed. 1044 (1891).

A common element in the cases from the Supreme Court on this question of aggregation is a jointness or dependency, as opposed to a separateness, of the rights of the individual plaintiffs in order to aggregate their claims. In Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L. Ed. 817 (1916), the several complainants and defendant were children of the same parents, the complainants claiming that the father unintentionally omitted them from his will, seeking an interest in the one piece of property devised by the will. Although there was one will and one piece of property the Court found that they could not aggregate their distinct claims. The Court emphasized that the testator's mistake was independent as to each child.

Likewise, in Stratton v. Jarvis & Brown, 8 Peters (33 U.S.) 4, 8, 10, 11, 8 L.Ed. 846 (1834), the Court would not allow aggregation. A shipowner filed a libel against some of the owners of the goods which were aboard the shipwrecked vessel when the shipowner had to salvage it. The claim was for salvage service. "It is true that the salvage service was in one sense entire; but it certainly cannot be deemed entire for the purpose of founding a right against all the claimants jointly responsible for the whole salvage.

3. "Two or more plaintiffs injured in the same automobile accident have separate and distinct causes of action; even though they join their causes of action in a single suit, they cannot aggregate their claims to achieve the requisite jurisdictional amount." McCormick v. Labelle, 189 F.Supp. 453 (D.Conn., 1960).

4. Federal Rule of Civil Procedure, rule 20 allows the joinder of parties plaintiff when there is a common question of law or fact and the claims of all plaintiffs arose out of the same transaction of occurrence. However, this joinder for convenience of the court affects in no way the entirely separate question of aggregation of claims to satisfy the jurisdictional amount. Seaver v. Bigelow, 5 Wall. (72 U.S.) 208, 18 L.Ed. 595.

On the contrary each claimant is responsible only for the salvage properly due and chargeable on the gross proceeds or sales of his own property pro rata." The Court appeared to emphasize the lack of "jointness" of the claimants' liability.

On the other hand the Court allowed aggregation where it found that the sum of money was "due to the [plaintiffs] collectively * * *. They all claimed under one and the same title. They had a common and undivided interest in the claim; and it was perfectly immaterial to the [defendant], how it was to be shared among them." Shields v. Thomas, 58 U.S. (17 How.) 3, 15 L.Ed. 93 (1855). The suit was on a judgment obtained by the representatives of the estate of Mr. G against G's widow's new husband claiming conversion of G's estate. The Court likened the situation to a "contract with several to pay a sum of money." In order to stress the requirement of the jointness or dependency of the joint parties' claims in order to aggregate them, the Court pointed to one of its prior decisions, a suit by several seamen for seamen's wages, which did not allow aggregation. Oliver v. Alexander, 4 Peters (31 U.S.) 143, 8 L.Ed. 349. The Court in Shields stated that the right of each seaman is separate and distinct from his associates. "His contract is separate, and his recovery does not depend on the recovery of others, but rests altogether upon its own evidence and merits. And he does not recover a portion of the common fund to be distributed among the claimants, but the amount due him on his own separate contract."

Although in one case in the Second Circuit, Ayer v. Kemper, 48 F.2d 11 (2d Cir., 1931),[5] where aggregation was not allowed, the Court accentuated the fact that there was no single fund in which all the plaintiffs must share, the Supreme Court in another case de-emphasized this common fund argument: "it is true the litigation involves a common

fund * * * but neither of the judgment creditors has any interest in it exceeding the amount of his judgment." Seaver v. Bigelow, 5 Wall. (72 U.S.) 208, 18 L.Ed. 595. Thus the Supreme Court has evinced a desire to give a strict construction to allegations of the jurisdictional amount in controversy, so as to allow aggregation only in those situations where there is not only a common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that if plaintiffs' rights are not affected by the rights of co-plaintiffs then there can be no aggregation. Pinel v. Pinel, Seaver v. Bigelow, supra. In other words, the obligation to the plaintiffs must be a joint one.

In this case it is true to a degree that each plaintiff has a "common interest in the result of the suit," and that each plaintiff would be affected similarly by the decision in the case. But this is not enough. That plaintiffs who join together in one suit by reason of Rule 20 of the Federal Rules of Civil Procedure have a common interest in the result of the suit is true in every instance, for there must be a common question of law or fact among them, which, if decided in favor of the defendant, may well be decisive as against all the plaintiffs. Furthermore, it is true that there is only one contract involved and that each plaintiff's rights are derived from this one contract, but these plaintiffs' rights (as third-party beneficiaries) under the indemnity contract of insurance are not held jointly. True, the rights under the contract of insurance are singular as far as the insured and the insurer are concerned, but the rights of those injured parties who seek to collect their damages from the insurer under this contract are completely unrelated, except in so far as a common question of law or fact is concerned where Rule 20 allows them to join in one action.

Appellees place their main reliance on two cases, Alberty v. Western Surety Co.,

---

**5.** A suit by noteholders against the fiduciary receiver who purchased the notes from the plaintiffs at a price below which the plaintiffs claimed they were worth.

249 F.2d 537 (10th Cir., 1957) and Manufacturer's Casualty Ins. Co. v. Coker, 219 F.2d 631 (4th Cir., 1955). Alberty is inapposite in that it involved one plaintiff attempting to aggregate two claims. The Court of Appeals for the Tenth Circuit itself was careful to distinguish the situation before it from the one where there are two claimants attempting to aggregate their claims, such as we have before us here. The other case, Coker, involved a declaratory judgment proceeding where the insurer sought a declaration of non liability against the administrator of the insured bus driver who was killed in the accident and 23 school children who had recovered judgments against the insured bus driver's administrator. None of the singular claims of the children met the jurisdictional amount in controversy requirements, but the sum of their claims exceeded it, *and also exceeded the total liability for which the insurance company was responsible.* Aggregation of the claims was allowed. The Court said "[A]ll of them, so far as the liability of plaintiff is concerned, are dependent upon the $25,000 coverage by plaintiff's policy of the liability of the deceased driver and that no part of this coverage is allotted to any individual claim." 219 F.2d at 633.

A similar result was reached in a case in this Circuit. Carnes & Co. v. Employer Liability Assur. Corp., 101 F.2d 739 (5th Cir., 1939). This also was a declaratory judgment action brought by the insurance company seeking a declaration of non liability *because the claims were in excess* of the coverage of the policy. The insurer had joined as defendants the insured and those whose property had been injured by the insured. This Court said: "By Louisiana law each of the defendants have an interest in this insurance policy and in the outcome of

this suit. The amount involved is not, as appellants contend, what individual defendants claim by way of damages. This is not a tort action at all and the question of negligence vel non is not before us. The amount in controversy is the value of that which is sought to have declared free from doubt—the policy for $25,000. The Louisiana Statutes providing that one bringing a suit for damages may sue the tort-feasor separately, or bring his suit against the tortfeasor and the insurance company, or against the insurer alone, have no argumentative force here." 101 F. 2d 741.

■ The Coker and Carnes cases differ from the one before this Court now in that those cases were brought by the insurance company seeking non liability against the insured, who was joined as a defendant, on the policy of insurance which was valued at more than the jurisdictional amount, and against the injured parties, who were joined with the insured, whose claims exceeded the amount of coverage of the policy. This Court in Carnes carefully pointed out that those cases where the injured parties sue the tortfeasor and insurance company separately (this case), jointly, or the company alone, have no bearing on the situation where the company brings a declartory action seeking a declaration of non liability.[6]

For these reasons the judgment of the district court is reversed and the case is remanded for further proceedings in the trial court not inconsistent with this opinion. Unless the complaint may then be amended in the trial court in such manner as to comply with the requirements as to the pleadings of jurisdictional amount, it must be dismissed.

6. It is true that the Court of Appeals for the Fourth Circuit in Coker stated by way of dictum: "Since the claims of the infant defendants against plaintiff thus arise out of a single instrument, they could have been aggregated for purposes of jurisdiction in a suit against plaintiff to establish liability under that instrument." But we must respectfully disagree with this dictum. Carnes & Co. v. Employer Liability Assur. Corp., 101 F. 2d 739, 741 (5th Cir., 1939). With deference we believe that the Court was mistaken in its Coker opinion when it cited our opinion in Carnes for the above dictum.