John T. **WILLIAMS** and James L. Jones, Plaintiffs,

v.

**ALTIMONT RENTAL CO.,** Inc. and Robert J. Wolfe, Defendants.

**Civ. A. No. 14756.**

United States District Court
D. Maryland.

March 2, 1965.

Rolland G. Lamensdorf, Washington, D. C., and Samuel D. Hill, Baltimore, Md., for plaintiffs.

John F. King, Baltimore, Md., for defendants.

WINTER, District Judge:

As the jury ultimately found, defendants, on July 27, 1962, negligently caused a timber on an eighth floor platform of a building under construction in Bethesda, Maryland to fall to the roof of a marquee being built over the entrance to the building on top of which plaintiffs were working. Both plaintiffs were struck; plaintiff Williams was seriously injured; and plaintiff Jones was slightly injured. Both sued, and Jones claimed $15,000.00 *ad damnum*. The jury returned a verdict for Jones in the amount of $300.00. With commendable candor, his counsel admits, that, since the filing of the suit, at no time could it be said in good faith that plaintiff Jones was entitled to at least $10,000.00, exclusive of interest and costs. Williams claimed $75,000.00, and was awarded $15,000.00 by the jury.

In their answer to the complaint, defendants pleaded that, in the event of a verdict in favor of Jones, the Court, in exercise of the discretion vested in it by 28 U.S.C.A. § 1332, should deny Jones his costs or impose all costs on him. After the rendition of verdict and before the entry of judgment, defendants moved orally in open court that Jones' suit be dismissed for lack of jurisdiction, for want of the requisite amount in controversy.

Defendants' motion raises a question of aggregation of claims in order to sustain diversity jurisdiction, 28 U.S.C.A. § 1332. It is undisputed that the Court would not have jurisdiction of Jones' suit if it had been filed as a separate action, but it is urged that since the Court had jurisdiction of plaintiff Williams' action, Jones' action may be aggregated with the former to dispose of all matters between the parties and avoid a multiplicity of litigation.

The basic rules for aggregation of claims were set forth in Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817 (1916), in a case in which two children of a decedent sought to invoke diversity jurisdiction to litigate their claim that the will of their deceased father accidentally and mistakenly omitted to make a gift to them. They alleged that their share of the estate under the state intestacy law, which would be applicable if mistake or accident were established, collectively would amount to $4,500.00, but the court found that their separate interests would each be less than $3,000.00, the then amount in controversy required to sustain diversity jurisdiction, although in aggregate the claims would probably exceed $3,000.00. In dismissing the suit for want of jurisdiction, the Court said (p. 596, 36 S.Ct. p. 417):

> "The settled rule is that when two or more plaintiffs having separate and distinct demands unite in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount. * * * This case comes

within the former class, since the title of each complainant is separate and distinct from that of the other * * *."

The following brief quotations from later cases show the continued vitality of this statement and its application in cases where two or more plaintiffs sue a common tortfeasor alleging that each received injuries as a result of his single act of malfeasance or nonfeasance:

"* * * this case is no different from a suit by three individual plaintiffs against the tortfeasor himself with the insurance company defending the tortfeasor. In such a case there could be no aggregation of claims." Eagle Star Insurance Company v. Maltes, 313 F.2d 778 (5 Cir. 1963);

"When two or more plaintiffs having separate and distinct demands unite in a single suit, the demand of each must be of the requisite jurisdictional amount to confer jurisdiction on a United States District Court. * * * Two or more plaintiffs injured in the same automobile accident have separate and distinct causes of action; even though they join their causes of action in a single suit, they cannot aggregate their claims to achieve the requisite jurisdictional amount." McCormick v. Labelle, 189 F.Supp. 453, 454 (D. Conn.1960);

"The amount claimed must, as to the father and each of his daughters separately, amount to more than $3000." Mitchell v. Great American Indemnity Co., 87 F.Supp. 961, 962 (W.D.La.1950) [Suit arising out of automobile collision]; and

"The claim of the husband for personal injuries to himself and the claim of the wife for property damage are separate and distinct claims, for which separate suits could be brought against the defendants. It is essential, therefore, that the demand of each plaintiff be of the requisite jurisdictional amount." Edelhertz v. Matlack, 42 F.Supp. 309 (M.D.Pa.1941) [Suit arising out of motor vehicle collision].

Plaintiffs urge that jurisdiction be sustained on authority of Manufacturers Casualty Insurance Company v. Coker, 219 F.2d 631 (4 Cir. 1955). In this case an insurer seeking to avoid its insurance policies sued the insured and twenty-three judgment creditors who had obtained judgments as a result of a single accident ranging from $200.00 to $2,900.00, aggregating $40,450.00. Maximum liability of the plaintiff under its policy was $25,000.00. The court held that jurisdiction existed as to all defendants, on the grounds that (a) the controversy arose out of a single instrument and (b) that determination of liability of the plaintiff to the judgment creditors was ancillary and incidental to determination of the plaintiff's liability to its insured.

This case is not determinative of defendants' motion. As remarked in Aetna Insurance Company v. Chicago, Rock Island & Pac. R. Co., 229 F.2d 584, 586 (10 Cir. 1964), the Coker case "* * * is based upon eminent authority approving the aggregation of two or more claims against the same defendant to make up the jurisdictional amount when the plaintiffs unite to enforce a single title or right in which they have 'common or undivided interests' against the defendant, if 'these claims constitute in their totality an integrated right against the defendant.'" See also, comment in Eagle Star Insurance Company v. Maltes, supra, 313 F.2d p. 782.

Such is not the situation in the case at bar, as previous authorities cited establish. Plaintiffs injured in the same accident have separate and distinct causes of action. Under such circumstances, though they join their causes of action they cannot aggregate their claims to achieve the requisite jurisdictional amount. No one of their claims is ancillary to the other; they are separate and distinct.

Defendants' motion is granted. The Clerk is directed to enter an order dismissing the complaint as to the plaintiff Jones for lack of jurisdiction.