George W. HANSHEW, Plaintiff,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant.

No. 89–4249–R.

United States District Court, D. Kansas.

Oct. 3, 1990.

---

Don C. Krueger and Robert N. Symmonds, Symmonds & Symmonds, Emporia, Kan., for plaintiff.

Arthur S. Chalmers, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is a diversity action for uninsured motorist insurance benefits. Plaintiffs are: the Estate of Thelma I. Hanshew; George W. Hanshew—husband of the late Thelma Hanshew; and three children of George and Thelma Hanshew. This case is now before the court upon a motion to dismiss. The thesis of the motion is that the estate does not have a claim which could reach or exceed $50,000.00—a jurisdictional requirement under 28 U.S.C. § 1332—and that the estate is an indispensable party to this case.

The facts relevant to this motion are not in dispute. Thelma Hanshew was killed in Fallon, Nevada when she was struck by a vehicle driven by Marvin Jack Smith. Smith was 100% at fault for Thelma Hanshew's death. George Hanshew is the sole beneficiary of the Thelma Hanshew estate. The estate incurred medical, funeral and other expenses of $7,225.00. At the time of the accident, defendant had issued a personal automobile policy to George Hanshew which provided for underinsured motorist benefits. The limit of Marvin Jack Smith's insurance was $15,000.00. The liability limit of defendant's policy was $500,000.00. Under defendant's policy, each plaintiff in this case is eligible for underinsured motorist benefits.

Title 28 United States Code § 1332 requires that the matter in controversy in a diversity action exceed the sum of $50,000.00. Each plaintiff in a diversity case must assert a claim for more than $50,000.00. *Zahn v. International Paper Company*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). If a plaintiff does not assert a claim for more than $50,000.00, then that plaintiff must be dismissed from the case. *Id.*

Defendant alleges that it is legally certain the estate cannot recover more than

$50,000.00 in this case. Both sides agree that Nevada law governs plaintiffs' rights of recovery. Defendant asserts that the Nevada wrongful death/survivorship statute sharply limits the estate's claim. The statute reads in part as follows:

> The damages recoverable by the personal representatives of the decedent on behalf of his estate include: (a) any special damages, such as medical expenses, which the decedent incurred or sustained before his death, and funeral expenses; and (b) any penalties that the decedent would have recovered if he had lived, but do not include damages for pain, suffering or disfigurement of the decedent.
> ....

Nev.Rev.St. 41.085.

■ Plaintiffs contend that "penalties," as used in the Nevada wrongful death statute, includes lost economic benefits which, in this case, exceed $50,000.00. The court agrees with defendant, however, that plaintiffs' construction of the statute is incorrect. Lost economic benefits would not have been "lost," nor would they have been "recovered" if Thelma Hanshew had lived. Had Thelma Hanshew lived, she would have continued to receive economic benefits; she would not have recovered lost economic benefits because the benefits would not have been lost. We agree with defendant that "penalties" under the statute must mean civil penalties or perhaps punitive damages.

■ Plaintiffs also suggest that the claim of the estate should be aggregated with the claims of the other plaintiffs which exceed the jurisdictional amount. Under some circumstances this is permitted.

> Separate and distinct claims may not be aggregated to satisfy the jurisdictional requirement. *Snyder v. Harris,* 394 U.S. 332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319. [(1969)] The rule is different when "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Ibid.*

*Gallagher v. Continental Insurance Company,* 502 F.2d 827, 831 (10th Cir.1974); see also, *Phoenix Insurance Company v.*

*Woosley,* 287 F.2d 531, 533 (10th Cir.1961). It is not always clear what claims are "separate and distinct" and what claims are made to enforce an undivided interest in a single title or right. The Supreme Court has stated:

> Aggregation of plaintiffs' claim cannot be made merely because the claims are derived from a single instrument, *Pinel v. Pinel,* 240 U.S. 594 [36 S.Ct. 416, 60 L.Ed. 817], or because the plaintiffs have a community of interest, *Clark v. Paul Gray, Inc.,* 306 U.S. 583 [59 S.Ct. 744, 83 L.Ed. 1001]. In a diversity litigation the value of the "matter in controversy" is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation.

*Thomson v. Gaskill,* 315 U.S. 442, 447, 62 S.Ct. 673, 675–76, 86 L.Ed. 951 (1942). These words were considered by the Tenth Circuit in *Aetna Insurance Co. v. Chicago, Rock Island and Pacific Railroad Co.,* 229 F.2d 584 (10th Cir.1956), where the court stated:

> We agree that claimants may aggregate their claims to enforce a single title or right in which they have an undivided interest, but we seriously doubt whether plaintiffs with only a common or community of interest arising out of a single instrument may aggregate their claims to make up the jurisdictional amount. In any event, we know that the pecuniary consequence to each plaintiff is the test, unless of course the interest in the right asserted is undivided.

*Id.* at 586. In *Eagle Star Insurance Company v. Maltes,* 313 F.2d 778, 781 (5th Cir.1963), the Fifth Circuit summarized the Supreme Court's position on aggregation as follows:

> [T]he Supreme Court has evinced a desire to give a strict construction to allegations of the jurisdictional amount in controversy, so as to allow aggregation only in those situations where there is not only a common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that if plaintiffs' rights are not affected by the rights of co-plaintiffs

then there can be no aggregation.... In other words, the obligation to the plaintiffs must be a joint one.

In the instant case, Nevada law permits a wrongful death action by an heir of a decedent for "damages for his grief or sorrow, loss of probable support, companionship, society, comfort and consortium, and damages for pain, suffering or disfigurement of the decedent." Nev.Rev.St. 41.085(4). As mentioned earlier, Nevada law limits the recovery in a wrongful death action by the personal representative of the decedent to "special damages" such as medical and funeral expenses, as well as "penalties that the decedent would have recovered if he had lived." Nev.Rev.St. 41.085(5). Damages for pain, suffering or disfigurement of the decedent may not be recovered by the personal representative of the decedent. *Id.* Thus, the damages which may be recovered by the estate and by the heirs of Thelma Hanshew are separate and distinct. Although plaintiffs may share a community of interest in the insurance policy in question, they do not have a joint interest in the insurance fund. As in the *Aetna Insurance Company* and *Eagle Star Insurance Company* cases, plaintiffs in this case have not demonstrated the type of undivided interest which would permit aggregation. Therefore, the court holds that the estate's claim cannot be aggregated with the other plaintiffs' claim to satisfy the jurisdictional requirements of § 1332.

Plaintiffs have also suggested that the court could exercise pendant jurisdiction over the estate's claim. A stipulated attempt at "pendant party" jurisdiction under similar circumstances was rejected in *Sarnoff v. American Home Products Corp.*, 798 F.2d 1075 (7th Cir.1986). Commentators have considered pendant party jurisdiction to be at odds with the Supreme Court holdings in *Zahn v. International Paper Co., supra,* and *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). 1 MOORE'S FEDERAL PRACTICE ¶ 0.97[3] at 960 (1990); 14A Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE § 3704 at 94–95 (1985). Upon this authority, the court declines to exercise pendant jurisdiction over the claims of the estate.

Defendant contends ultimately that this case must be dismissed if the court does not have jurisdiction over the estate's claim, because the estate is an indispensable party. Plaintiffs do not deny that it would be desirable to have all claimants against defendant in one action and that such an action could be brought in state court. Plaintiffs suggest, however, that the court could take action to shape the relief in this case so that no one would be prejudiced, if the estate was not joined. Of course, FED.R.CIV.P. 19 governs this problem. This rule provides:

(a) **Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

(b) **Determination by Court Whenever Joinder not Feasible.** If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors

to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

It is conceded that the estate is a "person" who should be joined if feasible under subsection (a) of Rule 19. Since joinder is not feasible for jurisdictional reasons, we must consider the four factors listed in subsection (b) to determine whether the estate is an indispensable party. The first factor is to what extent a judgment rendered in the estate's absence might be prejudicial to the estate or the other plaintiffs. Defendant notes that a judgment for the policy limits in this case would leave no insurance proceeds left to satisfy a judgment from a different court in favor of the estate. This is not denied by plaintiffs. Secondly, the court must consider the extent to which the court could avoid prejudice to any party through protective provisions in the judgment. The court could limit the distribution of any judgment in favor of the heirs of Thelma Hanshew so that enough funds would be left to satisfy a claim by the estate. See *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 115, 88 S.Ct. 733, 740, 19 L.Ed.2d 936 (1968); *County of Wyoming v. Erie Lackawanna Railway Co.*, 360 F.Supp. 1212, 1216 (W.D.N.Y.1973).

The third factor to consider is whether a judgment rendered in the absence of the estate would be adequate. We find no reason to question the adequacy of a judgment rendered in the absence of the estate as a party. Finally, the court must consider whether the other plaintiffs have an adequate remedy if the case is dismissed for nonjoinder of the estate. It is agreed that this suit could be brought in state court.

This appears to be a situation where the court must weigh the advantages of dismissing the entire case and directing, in essence, that this matter start over in state court where each and every party's claims can be decided, against the concern that the effort and time already expended at this level may be wasted. This case has been on file for approximately ten months. The parties are scheduled to file lists of proposed witnesses and exhibits on October 1, 1990. A discovery deadline of November 1, 1990 has been set. The final pretrial conference is scheduled for December 10, 1990. Although it is conceivable that some of the effort expended in this court could be applied to an action refiled in state court, the court believes it would be more efficient, and not prejudicial to any party, to proceed in this court with the claims of the heirs and dismiss the claims of the estate. To prevent prejudice to the estate or the defendant, the court is willing to enter an order to prevent distribution of so much of any judgment as will be necessary to satisfy a subsequent claim by the estate, if successful.

In conclusion, for the above-stated reasons, the Estate of Thelma I. Hanshew shall be dismissed as a party to this case. But, the case shall proceed upon the other claims subject to the above-described protective measures.

IT IS SO ORDERED.